IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
           Plaintiff, )
v. ) No. 10-10041-11-WEB
)
RACQUEL N. SOSA, )
aka Racquel Legoretta )
aka Rachel )
)
           Defendant. )
)

## Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report and her Motion for Variance or Departure. The court orally addressed these matters at the sentencing hearing of December 13, 2010. This written memorandum will supplement the court's oral rulings.

Ms. Sosa pled guilty to one count of misprision of felony in violation of 18 U.S.C. § 4. Based on the amount of drugs involved in the underlying offense, the Presentence Report calculated an adjusted offense level of 16 and a Criminal History Category of I, for a guideline range of 21-27 months. The defendant initially filed three objections to the PSR. Two of the objections related to the PSR's conclusion that there are no grounds for a variance or departure. The third objection related to offense conduct set forth in paragraphs 19 and 20 of the PSR. Prior to the sentence hearing, the Probation Office prepared and disclosed an Amended PSR, which adjusted the defendant's Criminal History Category to II based upon a DUI conviction in

Wichita Municipal Court within the past week.[1] The additional conviction increased the applicable guideline range for imprisonment to 24-30 months.

At the sentencing hearing, defense counsel announced that the defendant was withdrawing her objections to the relevant conduct in paragraphs 19 and 20 of the PSR, but was maintaining the arguments for a variance or departure. The motion argues that a sentence of probation or house arrest would be appropriate in light of the defendant's extensive care-taking responsibilities, which include providing for her 18-year old son, providing day-care or other services for several grandchildren, and providing home medical care and other services to her ailing mother and step-father. Among other things, defendant argues that a reduction is warranted because her offense is less serious than other individuals involved in the offense, because she suffers from serious health issues herself, and because imprisonment would cause other members of her family to suffer a drastic loss of care and financial support. The Government opposes the motion, pointing out that defendant may have care of several children at the moment because other members of the family have been convicted for their involvement in the drug activity, and it further notes that her parents' health care needs apparently "did not interfere with Ms. Sosa's ability to multitask in the Hernandez family business."

The Guidelines provide that family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted, although extraordinary grounds for a departure based on loss of care-taking or financial support are recognized in USSG 5H1.6, comment., n. B, as the defense points out. The defendants' care-taking responsibilities did not

---

[1] The conduct upon which the conviction was based occurred approximately two years ago, in December of 2008.

prevent her from continuing to engage in criminal activity. The court also notes that in 2002, the defendant was convicted of Bulk Cash Smuggling into to the United States and was granted probation for that offense, yet she has once again engaged in criminal behavior. Moreover, given the defendant's extensive family located in Wichita, there are other relatives who may be able to provide assistance to the defendants' parents, child, and grandchildren or, alternatively, there may be governmental or charitable programs available to provide assistance. After weighing all of the circumstances, the court is not persuaded that a departure or variance is warranted. The court has also considered the factors in Section 3553(a), including the need to avoid unwarranted disparities among defendants convicted of similar offenses, and finds that a sentence of 24 months' imprisonment, at the low end of the guideline range, is appropriate and is sufficient but not greater than necessary to meet the purposes of sentencing in Section 3553.

*Conclusion*.

Defendants' objections to the Presentence Report, and her Motion for Variance or Departure (Doc. 175) are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this  13th  Day of December, 2010, at Wichita, Ks.

                                            s/ Wesley E. Brown
                                            Wesley E. Brown
                                            U.S. Senior District Judge